# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| CALVIN REID, )<br>)<br>Movant, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>) | Case. No. 2:15-cv-02118-JPM-dkv |

**ORDER DENYING AS MOOT MOTION TO RENEW MOTION FOR BOND;
ORDER DENYING MOTION FOR COURT TRANSCRIPTS;
AND
ORDER DIRECTING RESPONDENT TO FILE RESPONSE**

Before the Court are two pending motions, filed by *pro se* Movant Calvin Reid, Bureau of Prisons register number 25278-076, an inmate at the medium-security Federal Correctional Institution in Coleman, Florida ("FCI Coleman") related to his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody ("§ 2255 Motion"): (1) Movant's Motion to Renew Motion for Bond Pending the Disposition of Case (Mot. to Renew Mot. for Bond, *Reid v. United States*, No. 2:15-cv-02118-JPM-dkv (W.D. Tenn.), ECF No. 11); and (2) Movant's Motion for Court Transcripts for Purpose of § 2255 Proceedings (Mot. for Ct. Tr., *id.*, ECF No. 13).

## I. MOTION TO RENEW MOTION FOR BOND

On March 7, 2016, Reid filed a "Motion to Renew Motion for Bond Pending the Disposition of Case," stating that his *ex parte* Motion for Bond (*Ex Parte* Mot. for Bond, *id.*, ECF No. 5) was pending and requesting a hearing to be held on the *ex parte* motion on March 22, 2016.

On February 26, 2016, the Court entered an Order denying the *ex parte* Motion for Bond. (Order Addressing Pending Mots., *id*., ECF No. 10.) Additionally, Reid appealed the Court's February 26, 2016 Order denying the Motion for Bond to the United States Court of Appeals for the Sixth Circuit ("Sixth Circuit"). (Am. Notice of Appeal, *id*., ECF No. 15; Notice of Appeal, *id.*, ECF No. 12.) Reid's appeal of the Court's denial of bond is currently pending before the Sixth Circuit. (Appeal Remark, *id*., ECF No. 16.)

Because Reid's Motion for Bond is no longer pending before the Court, and in light of the fact that the Court's Order denying the Motion for Bond is before the Sixth Circuit on appeal, Reid's Motion to Renew Motion for Bond Pending the Disposition of Case is DENIED AS MOOT.

## II.    MOTION FOR COURT TRANSCRIPTS

On March 10, 2016, Reid filed a request for court transcripts from his criminal proceedings so that he could "sharpen or amend [the] current claims" raised in his § 2255 Motion. (Mot. for Ct. Tr., *id.*, ECF No. 13.) Specifically, Reid requests the transcripts from: (1) the grand jury proceedings; (2) the July 20, 2012 report date; (3) the August 6, 2012 bond hearing report date; (4) the August 7, 2012 report date; and (5) the October 2, 2012 report date. (*See id*.)

Under 28 U.S.C. § 753(f), an indigent criminal defendant may obtain a free transcript to use in preparing a motion under 28 U.S.C. § 2255 only "if the trial judge . . . certifies that the suit . . . is not frivolous and that the transcript is needed to decide the issue presented by the suit." In order for the court to decide that the motion is not frivolous, a defendant must make a particularized showing of need for the transcript. *United States v. MacCollom*, 426 U.S. 317, 326 (1976); *Hoover v. United States*, 416 F.2d 431, 432 (6th Cir. 1969) (holding that a prisoner

is entitled to a transcript at the government's expense if he "has stated the reasons why he believes his conviction is contrary to law and a transcript is indispensable to the filing of a motion"). "[A] federal prisoner is not entitled to obtain copies of court records at the Government's expense to search for possible defects merely because he is indigent." *Campbell v. United States*, 538 F.2d 692, 693 (5th Cir. 1976); *see also United States v. Glass*, 317 F.2d 200, 202 (4th Cir. 1963) ("An indigent is not entitled to a transcript at government expense without a showing of the need, merely to comb the record in the hope of discovering some flaw."). "If the Court is not given the benefit of some definite allegation as to the nature of the alleged illegal aspects of the judgment and sentence, it is but natural to surmise that this is a fishing expedition and that the present vague allegation of illegality is not made in good faith." *Culbert v. United States*, 325 F.2d 920, 922 (8th Cir. 1964) (quoting *United States v. Lawler*, 172 F. Supp. 602, 605 (S.D. Tex. 1959)).

The Judicial Conference Schedule of Fees requires district courts to charge $0.50 per page for copies of court documents. Prisoners with pending § 2255 motions can avoid this fee under limited circumstances:

> If on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application in forma pauperis, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending.

28 U.S.C. § 2250. A movant must show a need for the requested documents. *United States v. Smith*, Criminal Action No. 6:06-21-SS-DSR, 2012 WL 2120913, at *1 (E.D. Ky. June 12, 2012); *Odom v. Capello*, Civil No. 5:09-11197, 2010 WL 582784, at *1 (E.D. Mich. Feb. 18, 2010).

In this case, Reid raises seven claims of ineffective assistance of counsel, due process violations, and Sixth Amendment violations regarding his trial and his sentencing. (*See* § 2255 Mot. at PageID 4-17, *Reid v. United States*, 2:15-cv-02118-JPM-dkv (W.D. Tenn.), ECF No. 1.) Reid, who represented himself throughout his criminal case, has not shown a particularized need for the various transcripts he has requested. His general statement that he needs to transcripts to "sharpen" his §2255 Motion does not establish a particularized need for the report date transcripts. Additionally, although Reid requests grand jury transcripts, none of his claims relate to the grand jury proceedings. Moreover, Reid has not filed a motion to proceed *in forma pauperis* and has not provided any documentation, such as a prison trustee account statement, to show that he is unable to afford the copying fees. Accordingly, Reid's Motion for Court Transcripts is DENIED.

## III.   DIRECTING RESPONDENT TO FILE A RESPONSE

It is ORDERED, pursuant to Rule 5(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, that the United States file a response to the § 2255 Motion within twenty-eight (28) days from the date of entry of this order. The response should address the merits of the § 2255 Motion.

Pursuant to Rule 5(e), Reid may, if he chooses, submit a reply to Respondent's answer within twenty-eight (28) days of service. Reid may request an extension of time to reply if his motion is filed on or before the due date of his reply. The Court will address the merits of Reid's § 2255 Motion, or of any motion filed by Respondent, after the expiration of Reid's time to reply, as extended.

IT IS SO ORDERED, this 4th day of May, 2016.

/s/ Jon P. McCalla  
JON P. McCALLA  
UNITED STATES DISTRICT JUDGE